IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELBIE O'DELL and LACIE GRAVES, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MICHAEL BAKER, Individually, FAST LANE EXPRESS, and CANAL INSURANCE COMPANY, <br><br> Defendants, <br><br> DAVID MICHAEL BAKER and LIINKK d/b/a FAST LANE EXPRESS, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> JEFFREY JOHNSON and SAFETY PLUS U.S.A., LLC, <br><br> Third-Party Defendants. | Case No. CIV-22-147-RAW-GLJ |

## REPORT AND RECOMMENDATION

    Before the Court is Defendant Canal Insurance Company's ("Canal") Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") [Dkt. 9]. Plaintiffs Shelbie O'Dell and Lacie Graves ("Plaintiffs") filed their Response to the Motion [Dkt. 16] and Canal filed a Reply brief [Dkt. 20]. Subsequently, the District Court referred the case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant

1

to 28 U.S.C. § 636 [Dkt. 43].  Therefore, pursuant to the reference the undersigned Magistrate Judge hereby recommends that Canal's Motion be GRANTED without prejudice to Plaintiffs' right to amend their complaint.

## BACKGROUND

Plaintiffs assert claims arising out of a collision between a vehicle, in which Shelby O'Dell and possibly Lacie Graves[1] were in, and a tractor-trailer on October 5, 2020.  According to the Complaint, the tractor-trailer was owned by defendant Fast Lane Express ("Fast Lane"), was driven by defendant David Michael Baker at the time of the accident, and was insured by defendant Canal.  [Dkt. 2].  Canal moved to dismiss the Complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiffs cannot assert a direct action against it under applicable Oklahoma law.  In response to the Motion, Plaintiffs assert that this Court lacks subject matter jurisdiction because the Defendants' subsequent assertion of a third-party complaint against third-party defendants Jeffrey Johnson and Safety Plus U.S.A., LLC defeats diversity jurisdiction under 28 U.S.C. §§ 1332 and 1367(b) and that Canal is subject to a direct action under 47 O.S. § 230.30.

## ANALYSIS

Plaintiffs' Complaint is based upon diversity jurisdiction.  [Dkt. 2].  As such, the law of Oklahoma is to be applied in determining the substantive rights of the parties.  *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

Oklahoma follows the majority rule that a defendant's insurer cannot be directly sued by a plaintiff.  *Daigle v. Hamilton*, 782 P.2d 1379, 1381 n. 1 (Okla. 1989).  Oklahoma law provides for two exceptions to this general rule:  47 O.S. § 169 and 47 O.S. § 230.30.  Section 169 only "applies

---

[1] The only mention of Lacie Graves in the Complaint, other than in the style and introductory paragraph, is a vague reference to "Plaintiffs" suffering property damage.  [Dkt. 2 at ¶ 34].

2

to motor carriers of household goods or used emigrant moveables" whose principal place of business is Oklahoma. *Hubbard v. Liberty Mut. Fire Ins. Co.*, No. CIV-06-356-S, 2007 WL 1299270 *2 (E.D. Okla. May 1, 2007). Thus, based on the Complaint's allegation that Fast Lane's principal place of business is Pennsylvania, § 169 does not apply in this case.

The Oklahoma Motor Carriers Act, 47 O.S. § 230.21, *et seq.*, permits a direct action against the insurer of a motor carrier who has registered and filed a certificate of insurance with the Oklahoma Corporation Commission. *Hubbard*, 2007 WL 1299270, at *2. Under *Fierro v. Lincoln Gen. Ins. Co.*, 217 P.3d 158, 160 (OK Civ. App. 2009), the Oklahoma Court of Civil Appeals held that because Oklahoma takes part in the single state registration system for interstate motor carriers who register in their home states, a direct action against the motor carrier's insurance provider is prohibited because 47 O.S. § 230.30 plainly states that "after judgement against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action."

Since *Fierro*, Oklahoma Federal courts have unanimously held that insurance companies for interstate carriers who have not filed proof of insurance with the Oklahoma Corporation Commission cannot be named as joint defendants. *See e.g.*, *Mason v. Dunn*, 2016 WL 1178058 *5 (E.D. Okla. March 23, 2016) (47 O.S. § 230.30 does not apply to an interstate carrier registered in its home state under the Unified Carrier Registration Act and is not registered with the Oklahoma Corporation Commission); *Hankla v. Lee*, 2018 WL 563181 *2 (W.D. Okla. Jan. 25, 2018) (§ 230.30 does not apply to interstate motor carriers prior to judgement being entered against the carrier); *Beebe v. Flores*, 2012 WL 127780 *1 (W.D. Okla. Jan. 18, 2012) (§ 230.30 does not authorize a direct action against the insurer of an out-of-state motor carrier that has registered in its "home" or "base" state and not with the Oklahoma Corporation Commission); *Adrean v. Lopez*,

3

2011 WL 3880930 *2 (N.D. Okla. Sept. 2, 2011) (direct action against insurer is prohibited because the carrier did not obtain an Oklahoma license from the Oklahoma Corporation Commission pursuant to § 230.30).[2]

Contrary to the assertion in their Response, Plaintiffs have the burden of pleading sufficient factual allegations, which, if taken as true, "state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiffs must "nudge [their] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id*. Mere labels, conclusions, or formulaic recitations of the elements of a cause of action will not suffice and are not entitled to the assumption of truth, and courts are free to disregard them. *Id*. at 1191.

At no point do Plaintiffs alleged that Fast Lane complied with § 230.30. Specifically, the Complaint does not allege that Fast Lane registered and filed a certificate of insurance with the Oklahoma Corporation Commission. Instead, the Complaint offers conclusory and formulaic allegations such as: "Fast Lane was required by law to obtain liability insurance coverage to protect the motoring public" [Dkt. 2 at ¶ 4]; that Canal provided Fast Lane with commercial automobile insurance coverage applicable to the loss as evidenced by U.S. Department of Transportation records [Dkt. 2 at ¶ 10]; as an interstate motor carrier engaged in operations regulated by

---

[2] In its Response, Plaintiffs inexplicably fail to address any of the post-*Fierro* line of Oklahoma federal cases, including those cited in the Motion or offer any explanation as to why they believe such cases should not be followed in the present case. Instead, Plaintiffs cite to pre-*Fierro* cases without even acknowledging the later and more relevant caselaw. [Dkt. 16].

"FMCSA," Fast Lane must comply with all FMCSA regulations [Dkt. 2 at ¶ 11]; and Canal is legally obligated under § 230.30 to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which Fast Lane is legally liable [Dkt. 2 at ¶ 12]. These allegations are either insufficient or irrelevant to the question at hand or are the type of legal conclusion the court is not bound to accept as true. *Khalik v. United Air Lines*, 671 F.3d at 1191. As a result, the undersigned Magistrate Judges concludes that Plaintiffs have failed to allege the necessary facts to support a direct action against Canal under 47 O.S. § 230.30.

Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983). Leave to amend is not automatic, however, and the Court may properly deny leave to amend where an amendment is futile as it would be subject to dismissal. *Anderson v. Suiters*, 712 F.3d 1228, 1238 (10th Cir. 2004); *E.SPIRE Commc'ns, Inc. v. N.M. Publ. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). Plaintiffs were invited by the Court to amend their Complaint [Dkt. 31] and even sought leave to do so out of time [Dkt. 36], but failed to do so.

Although amendment may very well be futile based on the foregoing discussion, the undersigned Magistrate Judge is unwilling to make a recommendation at this stage of the proceeding that Plaintiffs will be unable to do so. Accordingly, the undersigned Magistrate Judge recommends that the Motion be granted without prejudice to Plaintiffs' right to file an amended complaint.

Lastly, Plaintiffs assert in their Response that Defendants' Third-Party Complaint against certain third-party defendants who are not diverse from the Plaintiffs divest this Court of subject

matter jurisdiction. First, the undersigned Magistrate Judge notes that, to the extent Plaintiffs are seeking the dismissal of the Amended Third-Party Complaint specifically [Dkt 35] or the case in its entirety due to a lack of federal subject matter jurisdiction, they have failed to comply with LCvR 7.1 by combining a separate motion with their Response to Canal's Motion. Second, even if properly asserted, such motion would fail because the majority of circuits agree that 28 U.S.C. § 1367(b) "reflects Congress' intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity." *Balog v. Jeff Bryant Transport LTD*, 2010 WL 3075288 (W.D. Okla. Aug. 5, 2010) (quoting *Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 726–27 (2d Cir. 2000); *see e.g.*, *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 573 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs-but not defendants or third parties-from circumventing the requirements of diversity."). Moreover, as set forth in a separate Report and Recommendation by the undersigned Magistrate Judge, it is proposed and recommended that the Amended Third-Party Complaint be dismissed. Therefore, any subject matter jurisdictional issues created by such third-party complaint is moot.

## CONCLUSION

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that the Motion to Dismiss of Defendant Canal Insurance Company and Brief in Support of Motion [Dkt. 9] be GRANTED without prejudice to Plaintiffs' right to amend their complaint within twenty-one (21) days of the filing of this Report and Recommendation if no objection is filed thereto. Objections to this Report and Recommendation must be filed within fourteen (14) days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 9th day of November, 2022.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**