IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELBIE O'DELL and LACIE GRAVES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-22-147-RAW-GLJ<br>) |
| DAVID MICHAEL BAKER, Individually, FAST LANE EXPRESS, and CANAL INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| DAVID MICHAEL BAKER and LIINKK d/b/a FAST LANE EXPRESS, | )<br>)<br>) |
| Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| JEFFREY JOHNSON and SAFETY PLUS U.S.A., LLC, | )<br>)<br>) |
| Third-Party Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

Before the Court is Third-Party Defendants Jeffery Johnson and Safety Plus U.S.A., LLC's ("Johnson/Safety Plus") Special Appearance and Motion to Dismiss the Amended Third-Party Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") [Dkt. 39]. Defendants/Third-Party Plaintiffs David Michael Baker and Liinkk d/b/a Fast Lane Express

1

("Baker/Fast Lane")[1] filed their Response to the Motion [Dkt. 42] and Johnson/Safety Plus filed a Reply brief [Dkt. 45].  The District Court has now referred the case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Dkt. 43].  Therefore, pursuant to the reference the undersigned Magistrate Judge hereby recommends that Johnson/Safety Plus's Motion be GRANTED.

## BACKGROUND

This case arises out of a collision between a vehicle, in which Shelbie O'Dell and possibly Lacie Graves ("Plaintiffs")[2] were in, and a tractor-trailer on October 5, 2020.  According to the Complaint, the tractor-trailer was owned by defendant Fast Lane, was driven by defendant David Michael Baker at the time of the accident, and was insured by defendant Canal Insurance Company.  [Dkt. 2].  Subsequently, Baker/Fast Lane filed their Amended Third-Party Complaint for contribution asserting that Johnson/Safety Plus were liable in whole or in part for all damages suffered by Plaintiffs due to the negligence of Johnson/Safety Plus in causing the accident.  [Dkt. 35].  Johnson/Safety Plus moved to dismiss the Amended Third-Party Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Baker/Fast Lane cannot assert a contribution claim against them because joint liability is no longer permitted under 23 O.S. § 15(A).  [Dkt. 39].  In response to the Motion, Baker/Fast Lane assert that their contribution claim is permitted under 12 O.S. § 832 (A).  [Dkt. 42].

---

[1] In the Complaint, the defendant is listed as "Fast Lane Express" but in the Amended Third-Party Complaint, Fast Lane is identified as "Liinkk d/b/a Fast Lane Express."  The undersigned Magistrate Judge presumes herein these are the same entity.
[2] The only mention of Lacie Graves in the Complaint, other than in the style and introductory paragraph, is a vague reference to "Plaintiffs" suffering property damage.  [Dkt. 2 at ¶ 34].

## ANALYSIS

The Amended Third-Party Complaint is based upon diversity jurisdiction. [Dkt. 39]. As such, the law of Oklahoma is to be applied in determining the substantive rights of the parties. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

Contribution distributes the loss "among the joint tortfeasors in proportion to their respective negligence, whether or not plaintiff has sued all the tortfeasors[,]" *Barringer v. Baptist Healthcare of Oklahoma*, 2001 OK 29, ¶ 7, 22 P.3d 695, 698, and is governed by 12 O.S. § 832. Specifically, § 832 provides a right of contribution "[w]hen two or more persons become jointly or severally liable in tort for the same injury to person or property . . . even though judgement has not been recovered against all or any of them. . . ." *Id.*, ¶ 8, at § 832(A). The statute also provides that "[t]he right of contribution exists only in favor of a tort-feasor who has paid more than their pro-rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasors in excess of their pro rata share." *Id.* at § 832(B). A "pro rata share" means "apportioned according to each tortfeasor's degree of fault." *Nat'l Union Fire Ins. Co v. A.A.R.W. Skyways, Inc.*, 1989 OK 157, ¶ 22, 784 P.2d 52, 57.

In 2011, the Oklahoma legislature eliminated joint and several liability when it amended 23 O.S. § 15 to provided that "[i]n any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only and a joint tortfeasor shall be liable only for the amount of damages allocated to that tortfeasor." *Id.* at § 15(A). Relying on this amendment, Johnson/Safety Plus argue that Oklahoma "abrogated 'joint liability'" and that therefore a joint tortfeasor can never be found liable for more than its pro rata share and the situation contemplated under 12 O.S. § 832(B) can never arise. [Dkt. 39 at p. 3]. In response,

Baker/Fast Lane argue that § 15 and § 832 should be read in harmony in such a way to allow for contribution where the tortfeasors are severally or concurrently liable for the injury.

While the parties debated the applicable interpretive effect of the 2011 amendment to 23 O.S. § 15 on contribution under 12 O.S. § 832, neither party cited any caselaw on the key underlying point. This precise issue, however, has been adjudicated several times in the United Stated District Court for the Western District of Oklahoma, although not this Court. *See e.g.*, *Loos v. Saint-Gobain Abrasives, Inc.*, 2016 WL 5017353 *5-6 (W.D. Okla. Sept. 19, 2016) (contribution is not available if defendant found liable for negligence because amended 23 O.S. § 15 abolished joint and several liability in favor of several liability only and defendant cannot be liable for more than its share of liability); *AMC West Housing LP v. NIBCO, Inc.*, 2021 WL 4302246 *3 (W.D. Okla. Sept. 21, 2021) (contribution is only available in favor of a tortfeasor who pays more than its pro rata share of the common liability and it is not viable in negligence actions because liability is several only); *Njuguna v. C.R. England, Inc.*, 2022 WL 264551 *3 (W.D. Okla. Jan. 27, 2022) (no evidence that defendant has or will pay more than its fair share of damages because amended 23 O.S. § 15 adopted several liability as the only appropriate way to apportion damages pursuant to Oklahoma law).

In particular, *AMC West* analyzed both statutes and found that because 12 O.S. § 832 speaks to a wider range of conduct than 23 O.S. § 15, the "two statues are not irreconcilable and the elimination of joint liability actions based on fault does not necessarily preclude the possibility that a joint tortfeasor will pay more than its proportionate share of liability in some limited situations." A*MC West Housing LP*, 2021 WL 4302246 at *3. The *AMC West* Court noted that, although a contribution claim might be available for strict liability, a claim for negligence would not. *Id*.

4

Third-Party Plaintiffs have the burden of pleading sufficient factual allegations, which, if taken as true, "state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiffs must "nudge [their] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id*. Mere labels, conclusions, or formulaic recitations of the elements of a cause of action will not suffice and are not entitled to the assumption of truth and courts are free to disregard them. *Id*. at 1191.

In the Amended Third-Party Complaint, Baker/Fast Lane rest their contribution claim on the alleged negligence of Johnson/Safety Plus. Baker/Fast Lane allege that at the time of the accident Johnson negligently operated his tractor-trailer, that the tractor-trailer was owned by Safety Plus and that Safety Plus is liable under the doctrine of respondeat superior. [Dkt. 35 at ¶¶ 11-13]. As such, under several liability in 23 O.S. § 15, there are no plausible set of facts alleged or that could be alleged under which Baker/Fast Lane can assert a contribution claim because they cannot pay more than their pro rate share of the common liability to Plaintiffs. Moreover, Baker/Fast Lane do not allege any facts or offer any authority supporting any plausible conclusion that "concurrent" versus several liability would allow them to avail themselves of contribution under 12 O.S. § 832 in the absence of paying more than their pro rata share. The authority Baker/Fast Lane do cite regarding concurrent liability all pre-date the 2011 amendment to 23 O.S. § 15 and do not support their contribution claim in this case.

Additionally, Baker/Fast Lane may not assert a contribution claim to the extent they allege Johnson/Safety Plus are <u>solely</u> liable for any damages claimed by Plaintiffs. In the Amended

5

Third-Party Complaint, Baker/Fast Lane alleged that Johnson/Safety Plus are liable to them "for all or part of the claim against them" and that Plaintiffs' damages "were caused in whole or in part by the negligence of Mr. Johnson." [Dkt. 35 at ¶¶14-15]. "An allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all, is insufficient" to assert a contribution claim. *Daugherty v. Farmers Co-op. Ass'n*, 1989 OK CIV APP 89, ¶ 13, 790 P.2d 1118, 1120-21. *See also Loos*, 2016 WL 5017353 at *5 (contribution is inappropriate if third-party defendant was sole cause of the accident because contribution only applies in cases involving joint tortfeasors); *Chesapeake Appalachia, L.L.C. v. Cameron Int'l Corp.*, 2014 WL 7187082, at *4 (W.D. Okla. Dec. 16, 2014) (dismissing contribution claim where third-party complaint failed to allege that defendant and third-party defendant were jointly or severally liable to plaintiff). Thus, if Baker/Fast Lane allege that Johnson/Safety Plus are fully liable for Plaintiffs' damages, then they fail to allege any several liability upon which a contribution claim can be based.

  The dismissal of Baker/Fast Lane's contribution claim, however, does not expose them to being held liable for a disproportionate share of liability for Plaintiffs' damages. The Oklahoma Supreme Court has made it clear that "the negligence of tortfeasors not parties to the lawsuit should be considered by the trial jury *in order to properly apportion the negligence of those tortfeasors who are parties*." *Myers v. Missouri Pacific R. Co.*, 2002 OK 60, ¶ 31, 52 P.3d 1014, 1030 (emphasis in original). This rule specifically exists to protect parties like Baker/Fast Lane from being liable for the "ghost tortfeasor's" negligence. *Thomas v. E-Z Mart Stores Inc.*, 2004 OK 82, ¶ 169, 102 P.3d 133, 138-139. As a result, dismissing the Amended Third-Party Complaint will not increase Baker/Fast Lane's liability.

6

Baker/Fast Lane were previously granted leave to and did amend their third-party complaint [Dkt. 32 and 35] in an attempt to address the issues raised in Johnson/Safety Plus's first motion to dismiss [Dkt. 26]. Although the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect" where dismissal is granted for failure to state a claim, *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983), leave to amend is not automatic and the Court may properly deny leave to amend where an amendment is futile as it would be subject to dismissal. *Anderson v. Suiters*, 712 F.3d 1228, 1238 (10th Cir. 2004); *E.SPIRE Commc'ns, Inc. v. N.M. Publ. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). Considering the previous amendment and the inability of Baker/Fast Lane to assert a plausible contribution claim for third-party negligence as set forth above, the undersigned Magistrates recommends that any attempt to further amend the Amended Third-Party Complaint would be futile and should be denied.

## CONCLUSION

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that the Special Appearance of the Third-Party Defendants and Motion to Dismiss the Amended Third-Party Complaint and Brief in Support [Dkt. 39] be GRANTED with prejudice to Plaintiffs' right to further amend their Amended Third-Party Complaint. Further, Johnson/Safety Plus's Moton to Dismiss the original Third-Party Complaint [Dkt. 26] should be DENIED as moot. Objections to this Report and Recommendation must be filed within fourteen (14) days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 9th day of November, 2022.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**