# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHELBIE O'DELL and LACIE GRAVES,** | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 22-CIV-147-RAW-GLJ<br>) |
| **DAVID MICHAEL BAKER, Individually,**<br>**FAST LANE EXPRESS, and**<br>**CANAL INSURANCE COMPANY,** | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| **DAVID MICHAEL BAKER and**<br>**LIINK d/b/a FAST LANE EXPRESS,** | )<br>)<br>) |
| Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| **JEFFREY JOHNSON and**<br>**SAFETY PLUS U.S.A., LLC,** | )<br>)<br>) |
| Third-Party Defendants. | ) |

## ORDER

Before the court are Third-Party Defendants, Johnson/Safety Plus' Motion to Dismiss Defendants'/Third-Party Plaintiffs, Baker/LIINKK d/b/a Fast Lane Express' Amended Third-Party Complaint [Docket No. 39], and Baker/LIINKK d/b/a Fast Lane Express' Response [Docket No. 42]. Also before the court are the Magistrate Judge Jackson's Report and Recommendation issued November 9, 2022 [Docket No. 47] and Defendants and Third-Party Plaintiffs, David Michael Baker/LIINK d/b/a Fast Lane Express' Objection to Report and Recommendation on the Motion to Dismiss of Third-Party Defendants Safety Plus U.S.A., LLC and Jeffrey Johnson [Docket No. 48] requesting that the court not adopt the Magistrate Judge's Report and

1

Recommendation, which recommended that the Motion to Dismiss [Docket No. 39] be granted with prejudice to Third-Party Plaintiffs' right to further amend their Amended Third-Party Complaint.

This case involves a motor vehicle accident occurring October 5, 2020 in which Plaintiffs allege negligence by Defendants in the operation of a tractor-trailer. According to the Complaint, the tractor-trailer was driven by David Michael Baker and was owned by LIINKK d/b/a Fast Lane Express [Docket No. 2]. On September 22, 2022, Baker/LIINKK d/b/a Fast Lane Express filed their Amended Third-Party Complaint for contribution asserting that Johnson/Safety Plus were liable in whole or in part for all damages suffered by Plaintiffs due to the negligence of Johnson/Safety Plus in causing the accident [Docket No. 35]. Third-Party Defendants, Johnson and Safety Plus filed their Motion to Dismiss the Amended Third-Party Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 39]. The court referred the case to Magistrate Judge Jackson for further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636.

On November 9, 2022, Magistrate Judge Jackson entered a Report and Recommendation [Docket No. 47] with regard to Third Party Defendants Jeffery Johnson and Safety Plus U.S.A., LLC's Special Appearance and Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 39]. The magistrate judge recommended that the motion to dismiss the third-party amended complaint be granted with prejudice to third-party plaintiff's right to amend their Amended Third-Party Complaint. Further, the magistrate recommended that Johnson/Safety Plus's Motion to Dismiss the original Third Party Complaint [Docket No. 26] should be denied as moot.

In their motion to dismiss, Johnson\Safety Plus argue that Baker/LIINK d/b/a Fast Lane Express' Amended Third-Party Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Baker/LIINK d/b/a Fast Lane Express cannot assert a contribution claim against Johnson/Safety Plus because joint liability is no longer permitted under 23 O.S. §15(A). Baker/LIINKK d/b/a Fast Lane Express respond that their contribution claim is permitted under 12 O.S. § 832 (A), that the mandate for several liability in 23 O.S. § 15 does not prohibit third party claims for contribution as § 832 states that a right of contribution" exists between parties that become joint and severally liable in tort for the same injury to person or property. Baker/LIINKK d/b/a Fast Lane Express argue that they and Third-Party Defendants are not joint tortfeasors, but rather concurrent tortfeasors and that the statutes, 23 O.S. §15 and 12 O.S. §832 should be read together to allow contribution where the tortfeasors are severally or concurrently liable.

The court has reviewed the record, including the Complaint, Amended Complaint, Motions to Dismiss and all responsive pleadings, along with the Objection to the Magistrate's Report and Recommendation. After a *de novo* review, the court finds the Magistrate Judge's Report and Recommendation are well-supported by the law and evidence.

As the magistrate judge pointed out the issue involved here has been addressed in the United States District Court for the Western District of Oklahoma. *See e.g., Loos v. Saint-Gobain Abrasives, Inc.,* 2016 WL 5017353 *5-6 (W.D. Okla. Sept. 19, 2016) (contribution is not available if defendant found liable for negligence because amended 23 O.S. § 15 abolished joint and several liability in favor of several liability only and defendant cannot be liable for more than its share of liability); *AMC West Housing LP v. NIBCO, Inc.,* 2021 WL 4302246 *3 (W.D. Okla. Sept. 21, 2021) (contribution is only available in favor of a tortfeasor who pays more than its pro rata share

"An allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all, is insufficient" to assert a contribution claim. *Daugherty v. Farmers Co-op. Ass'n*, 1989 OK CIV APP 89, p. 13, 790 P.2d 1118, 1120-21. *See also Loos*, 2016 WL 5017353 at *5. Thus, if Baker/LIINK d/b/a Fast Lane Express allege that Johnson/Safety Plus are fully liable for Plaintiffs' damages, then they fail to allege any several liability upon which a contribution claim can be based.

The court has reviewed the record *de novo* and particularly the Third-Party Plaintiffs' Objection to the Report and Recommendation and is persuaded by the Magistrate Judge's thorough Report and Recommendation. Accordingly, it is the order of this court that the Magistrate's Report and Recommendation [Docket No. 47] is hereby affirmed and adopted. Third-Party Plaintiffs, Baker/LIINK d/b/a Fast Lane Express' Objection [Docket No. 48] is OVERRULED. The Third-Party Defendants Motion to Dismiss the Third-Party Complaint [Docket No. 39] is GRANTED with prejudice to Third-Party Plaintiffs' right to further amend their Amended Third-Party Complaint. Third-Party Defendants, Johnson/Safety Plus' Motion to Dismiss the original Third-Party Complaint [Docket No. 26] is hereby DENIED as moot.

IT IS SO ORDERED this 22nd day of March, 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA