IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELBIE O'DELL and LACIE GRAVES, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DAVID MICHAEL BAKER, et al., )<br>)<br>Defendants. ) | Case No. 22-CV-147-RAW |

### ORDER

Before the court is the motion of defendants and third-party plaintiffs for Rule 54(b) Judgment. Rule 54(b) F.R.Cv.P. permits the court to "make its adjudication of discrete claims or parties 'final,' and immediately appealable, if no just reason exists to delay that ruling's appeal." Baicker-McKee & Janssen, *Federal Civil Rules Handbook* at 1134 (2023 ed.).

This action arose out of a truck/car collision. Plaintiff sued the individual defendant for negligent operation of a vehicle and the corporate defendant for negligent entrustment. Defendants filed an amended third-party complaint (#35) against Jeffrey Johnson and Safety Plus U.S.A., LLC, asserting that any damages sustained by plaintiffs were caused in whole or in part by the negligence of Mr. Johnson. The third-party complaint sought contribution from third-party defendants pursuant to 12 O.S. §832(A).

The third-party defendants filed a motion to dismiss (#39), which was referred to the United States Magistrate Judge. The Report and Recommendation (#47) recommended that the motion be granted. Third-party plaintiffs filed an objection (#48). The undersigned

overruled the objection and granted the motion to dismiss (#62). The essence of the ruling is that 23 O.S. §15 abolished joint and several liability and thereby did away with the theory of contribution in a negligence action because liability is several only.

In the present motion, third-party plaintiffs argue this court's ruling should be certified for immediate appeal so that a decision by an appellate court can be obtained on this issue, which has only been addressed by Oklahoma district courts.

Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available to avoid the possible injustice of a delay. *See Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir.2001). Rule 54(b) entries are not to be made routinely. *Id.* at 1242. "Despite its apparently broad scope, Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions." 10 Wright, Miller & Kane, *Federal Practice and Procedure,* §2656 at 45 (2014 ed.).

Such an entry is only appropriate when the court makes two express determinations: (1) the order it is certifying is a final order [i.e., an ultimate disposition of an individual claim entered in the course of a multiple claim action]; (2) there is no just reason to delay review of the final order until the court has conclusively ruled on all claims presented by the parties. *See Bruner,* 259 F.3d at 1242.

Upon review, the court declines to grant the motion. The weight of authority is that an order dismissing a third-party claim for contribution should generally not be certified for

immediate appeal. *See e.g. Interstate Power Co. v. Kansas City Power & Light Co.,* 992 F.2d 804, 807 (8th Cir.1993)(district court abused its discretion in entering final judgment under Rule 54(b) on a third-party contribution claim); *Factory Mut. Ins. Co. v. Bobst Group USA, Inc.,* 392 F.3d 922, 924 (7th Cir.2004)("It makes little sense for an appellate court to address contribution when that subject may be made academic by the outcome of trial").

It is the order of the court that the motion for Rule 54(b) Judgment (#65) is hereby denied.

**ORDERED THIS 1st DAY OF MAY, 2023.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**