IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELBIE O'DELL and LACIE GRAVES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-22-147-RAW-GLJ ) |
| DAVID MICHAEL BAKER, Individually, LIINKK d/b/a FAST LANE EXPRESS, | ) ) ) ) |
| Defendants. | ) |

## ORDER ON MOTIONS IN LIMINE

This matter comes before the Court on motions in limine by both Plaintiffs and Defendants. The case has been referred to the undersigned Magistrate Judge for all pretrial and discovery matters pursuant to 28 U.S.C. § 636(b) [Docket No. 43]. For the reasons set forth below, the Court finds that Plaintiffs' Motions in Limine and Brief in Support [Docket No. 94] is GRANTED IN PART and DENIED IN PART and that Defendants' Combined Motion in Limine and Brief in Support [Docket No. 79] is GRANTED IN PART and DENIED IN PART.

## PROCEDUREAL HISTORY

Plaintiff filed her original Complaint on May 13, 2022, arising out of a motor vehicle collision between an automobile driven by Shelbie O'Dell and a truck-trailer driven by David Baker, who was employed at the time by Liinkk d/b/a Fast Lane Express. *See* Docket Nos. 2 & 7. Ms. O'Dell suffered a variety of injuries resulting from the accident.

1

*See* Docket No. 2. Discovery closed August 25, 2023, and the matter is currently set for trial on February 6, 2024. *See* Docket No. 58.

## ANALYSIS

### I.     Applicable Law

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c); cf. Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted); *see also Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, 2012 WL 503510 *4 (D. Colo. Feb. 15, 2012) ("The purpose of a motion in limine is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial."). Motions in limine "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. Dist. of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quotation marks omitted).

To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be

resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). Alternatively, a judge may decline to rule on an issue raised via limine motion, preferring to "await developments at trial before [so] ruling" to allow the "decision [to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d at 11 (quotation marks and citations omitted).

**II.     Plaintiffs' Motion in Limine**

Plaintiffs seek to exclude all questions, evidence, arguments, and related matters regarding seventeen different categories. *See* Docket No. 94. Plaintiffs represent that Defendants do not oppose Plaintiffs' Motion as to category numbers 1-4 and 6-13, reserves objections to numbers 14, 15 and 17, and objects to number 16. *Id*. Plaintiffs admit that number 5 was not discussed with Defendants at the meet and confer. *Id*. In response, Defendants do not oppose category numbers 1-2 and 9-12, but argue that, while they do not oppose numbers 3, 7, 8, and 13, those categories should also apply to Plaintiffs. *See* Docket No. 102. Defendants do not oppose numbers 4 and 6, but only as to the specific conditions identified in those categories. *Id*. Defendants object to numbers 14-17, but did not respond to number 5. *Id*.

*1. Numbers 1-2 and 9-12*

Because Defendants do not object to or otherwise reserve any objection to category numbers 1-2 and 9-12, Plaintiffs' Motion is granted as to these categories.

*2. Numbers 3, 7, 8, and 13*

Defendant "reserved" their objections to category numbers 3, 7, 8, and 13, arguing that they do not oppose the Motion, but that such limitations should also apply equally to Plaintiffs. The undersigned Magistrate Judge interprets such response to be a motion in limine for these categories that is improperly included in their response in violation of LCvR 7.1(b) and (d). Therefore, Plaintiff's Motion is granted as to these categories.

*3. Number 5*

Plaintiffs admit that its request under category number 5 was not discussed with Defendants at the meet and confer. *See* Docket No. 94, p. 4. Plaintiffs assert that Defendants should be prohibited from arguing that 12 O.S. § 3009.1 applies to future medical expenses. *Id*. The Court "shall refuse to hear" any non-dispositive motions or objections, including all discovery matters, if the parties have not met and conferred in good faith in an attempt to sincerely resolve the matter. LCvR 7.1(f). Plaintiffs did not comply with LCvR 7.1(f) and, therefore, Plaintiffs' Motion is denied as to category number 5.

*4. Numbers 4 and 6*

Category number 4 seeks the exclusion of any evidence or testimony regarding Plaintiff's medical conditions and treatments for irritable bowel syndrome, heartburn, use of birth control, and the like." *See* Docket No. 94, p. 3. Category number 6 seeks the

4

exclusion of any evidence or testimony regarding Plaintiff's unrelated leg injury suffered as a child. *See* Docket No. 94, p. 4. It is not clear from Plaintiffs' Motion if these are medical conditions and treatments or conditions of Ms. O'Dell, Ms. Graves or both. Nonetheless, Defendants do not object to numbers 4 and 6 to the extent they are each limited to the conditions specifically stated in the Plaintiffs' Motion. The undersigned Magistrate Judge agrees. Therefore, Plaintiffs' Motion is granted as to numbers 4 and 6, but are limited to the specific conditions identified therein, i.e., not to include "and the like."

    5. *Number 14 – Causation Testimony*

Plaintiffs seek the exclusion of any testimony of Oklahoma Highway Patrol Trooper Heath Green as to cause of the accident. *See* Docket No. 94, pp. 7-8. Plaintiffs argue that any testimony by Trooper Green as to the cause of the accident is inadmissible because he was not a witness to the accident and has not been designated as an expert witness. Defendants argues that Trooper Green may testify as to the physical evidence he observed and gathered at the scene but agrees he cannot give his opinions as to any cause of the accident. *See* Docket No. 102, p. 5. Defendants' response primarily focuses on the admissibility of Trooper Green's accident report, which is addressed below.

"[S]tatements by investigating officers as to *accident causation* are generally not admitted unless (1) perceived by the witness and helpful to a determination of a fact in issue . . . or (2) in the case of an expert, necessary to aid the jury in the interpretation of scientific, technical, or other specialized facts." *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 890 (10th Cir. 2006) (emphasis added). All parties agree that Trooper Green did not

witness the accident and therefore cannot testify as to its cause. Therefore, Plaintiffs' Motion as to category number 14 is granted as to any testimony as to causation, but not as to any physical evidence or observations he made during his investigation of the accident.

    *6. Number 15 – Accident Report*

Plaintiffs seek the admissibility of the Official Oklahoma Traffic Collision Report prepared by Trooper Green with the redaction of any evidence of insurance, Trooper Green's opinions as to fault, personal identifiers, and traffic citations. *See* Docket No. 94, p. 9. Defendants object, arguing that Plaintiffs seek to admit the Report without redacting the "Remarks" found on page 4 of the Report. *See* Docket No. 102, p. 5. Defendants also asserts that the parties have agreed to using the diagram of the accident in the Report. *Id*. Defendants offer no further explanation or any legal authority for excluding the Report in its entirety other than that the notation on the Report that it "may contain the opinion of the officer. *Id*.

"In a civil case, police reports may be admissible as public records under Rule 803(8)(A)(ii) of the Federal Rules of Evidence." *Dorato v. Smith*, 108 F. Supp. 3d at 1071 n.6 (citing *Dortch v. Fowler*, 588 F.3d 396, 402 (6th Cir. 2009); *Foster v. Gen. Motors Corp.*, 20 F.3d 838, 839 (8th Cir. 1994)). Rule 803(8)(A)(ii) renders admissible "a record or statement of a public office" setting out "a matter observed while under a legal duty to report," although it excludes from the exception, "in a criminal case, a matter observed by law-enforcement personnel." Fed. R. Evid. 803(8)(A)(ii). "This exception, however, covers only information that the officer observed and recorded in the police report, and not information that the officer received from third parties." *Dorato*, 108 F. Supp. 3d at 1071

n.6. "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." *Id*. at 1071 n.6 (citing *Walker v. City of Okla. City*, 203 F.3d 837, 2000 WL 135166, at *8 (10th Cir. Feb. 7, 2000) (unpublished table opinion)). Similarly, under Rule 803(8)(A)(iii), "[a] record or statement of a public office ... [that] sets out ... factual findings from a legally authorized investigation" is admissible "in a civil case" if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).

Based on the undersigned Magistrate Judge's review of the "Remarks" section in the Report, it appears to contain Trooper Green's observations and information conveyed to him by either the parties or non-party witnesses. Thus, without more information as to the sources of the information in the Report, it cannot be ascertained what, if any, information is admissible. Nonetheless, as a general matter, the Report is admissible to the extent the sponsoring party can demonstrate that the information contained therein is either non-hearsay or falls under a hearsay exception. Therefore, Plaintiffs' Motion is granted as to number 15.

    7. *Number 16 – Marijuana Use*

Plaintiffs' Motion seeks to exclude any evidence or testimony regarding Ms. O'Dell's use of marijuana before the accident. *See* Docket No. 94, p, 9. Specifically, Plaintiffs seek to exclude evidence or testimony of Ms. O'Dell's periodic use of marijuana before the accident as an apparent self-help treatment for migraines. *Id*. Defendant objects, asserting that Ms. O'Dell first got a medical marijuana card approximately a year and a

half *after* the subject accident and that she has been using marijuana for migraine headaches since she was a teen and still uses marijuana for her migraines. *See* Docket 102, p. 6.

To the extent Plaintiffs introduce Ms. O'Dell's post-accident marijuana use for pain management due to injuries she suffered in the accident or its cost as part of her damages, then Plaintiffs will likely make Ms. O'Dell's marijuana use relevant. *See*, *e.g.*, *Simpson v. Saks Fifth Ave., Inc.*, 2008 WL 3388739, at *5 (N.D. Okla. Aug. 8, 2008) ("Plaintiff's prior medical history will be an issue to the extent that she makes it an issue at trial."). While it depends on what evidence is offered and how it is presented, at trial, it is very possible that any attempt by Plaintiffs to introduce Ms. O'Dell's current use of marijuana for pain will open the door for questions regarding her past and current use of marijuana to treat a separate medical condition unrelated to the accident. At this time, however, it is better that such evidence be ruled on based on trial developments to allow the Court's "decision [to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *See Burrows v. Wal-Mart Stores East*, 2019 WL 227166, at *2 (W.D. Okla. May 28, 2019) (quoting *Graves*, 850 F. Supp. 2d at 11). Therefore, Plaintiffs' Motion is denied as to number 16.

   8.  *Number 17 – Medical Liens*

Plaintiffs seek to exclude all evidence that Plaintiffs' medical costs are guaranteed to be paid by Plaintiffs' attorneys or out of proceeds recovered in the case. *See* Docket No. 94, p. 10. Defendants object, arguing two medical providers have liens of over $12,000 against Plaintiffs and that therefore these medical providers have a financial interest in this

case that should be considered by the jury.  *See* Docket No. 102, p. 7.  Defendants cite no authority for their position.

First, it appears that Plaintiffs and Defendants are arguing about different evidence.  Although Plaintiff tilted category number 17 "Medical Liens," they appear to actually seek to exclude an agreement between Plaintiffs and their counsel whereby counsel agreed to guaranty payment of unpaid medical bills or to pay such bills out of any recovery they may achieve in this case.  Such an agreement appears more in line with a contingent fee arrangement than a medical lien, although it could fall under an attorney lien against any recovery.  Defendants do not address this argument or offer any authority for admitting such evidence at trial.  Therefore, Plaintiffs' Motion is granted as to evidence of any agreement by Plaintiffs' counsel to guaranty or pay any unpaid medical bills from any recovery.

To the extent Plaintiffs seek to exclude medical liens, such evidence is covered by the Oklahoma statute known as the "paid vs. incurred statute."  *See* 12 O.S. § 3009.1.  This statute provides for certain exceptions to the collateral-source rule.  *See Lee v. Bueno*, 381 P.3d 736, 752 (Okla. 2016) (discussing Okla. Stat. tit. 12, § 3009.1).  Section 3009.1 prevents injured parties in personal-injury actions from presenting evidence of, and therefore recovering damages for, "amounts they or their insurer were billed for treatment but are not required to pay."  *Id*.  Section 3009.1 provides the following limitations on the admissibility of medical expenses:

> A. Upon the trial of any civil action arising from personal injury, the actual amounts paid for any services in the treatment of the injured party, including doctor bills, hospital bills, ambulance service bills, drug and other

prescription bills, and similar bills shall be the amounts admissible at trial, not the amounts billed for such expenses incurred in the treatment of the party. If, in addition to evidence of payment, a party submits a signed statement acknowledged by the medical provider or an authorized representative or sworn testimony that the provider will accept the amount paid as full payment of the obligations, the statement or testimony shall be admitted into evidence. The statement or testimony shall be part of the record as an exhibit but need not be shown to the jury. *If a medical provider has filed a lien in the case for an amount in excess of the amount paid, then the bills in excess of the amount paid, but not more than the amount of the lien, shall be admissible.*

      B. If no payment has been made, the Medicare reimbursement rates in effect when the personal injury occurred, not the amounts billed, shall be admissible if, in addition to evidence of nonpayment, a party submits a signed statement acknowledged by the medical provider or an authorized representative or sworn testimony that the provider will accept payment at the Medicare reimbursement rate less cost of recovery as provided in Medicare regulations as full payment of the obligation....

      C.  If no bills have been paid, or no statement acknowledged by the medical provider or sworn testimony as provided in subsections A and B of this section is provided to the opposing party and listed as an exhibit by the final pretrial hearing, then the amount billed shall be admissible at trial subject to the limitations regarding any lien filed in the case.

12 O.S. § 3009.1 (emphasis added).  Based on the pleadings, it appears that Defendants allege that certain medical providers filed liens for medical bills for which they have not been paid by insurance or the Plaintiffs personally.  It is unclear from the pleadings whether Plaintiffs intend to offer these unpaid medical bills as evidence.  Again, given the uncertainty of what evidence is likely to be offered, it is better that such evidence be ruled on based on trial developments to allow the Court's "decision [to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole."  *See Burrows*, 2019 WL 227166, at *2 (quoting *Graves*, 850 F. Supp. 2d at 11).

### III.  Defendants' Motion in Limine

Defendants seek to exclude all evidence and testimony regarding fourteen different categories.  *See* Docket No. 79.  Defendants represent that Plaintiffs do not oppose Defendants' Motion as to category numbers I, II, V, XII[1], and XIV.  *Id*.  Plaintiff agrees with some exception to numbers X and XIII.  Defendant does not indicate Plaintiffs' position on numbers III, IV, VI, VII, VIII, IX and XI, and thus Plaintiffs presumably object.  *Id*.  Plaintiffs never responded to Defendants' Motion.

1. *Numbers I, II, V, XII, and XIV*

Because Plaintiffs do not object to or otherwise reserve any objection to category numbers I, II, V, XII, and XIV, Defendants' Motion is granted as to these categories.

2. *Numbers X and XIII*

Category number X seeks the prohibition of Plaintiffs making any argument or advising the jury to express its feelings about a public policy issue or "send a message." *See* Docket No. 79, pp, 9-10.  Defendants assert that Plaintiffs agree to this proposition unless the case proceeds to the punitive damages stage.  Therefore, Defendants' Motion is granted as to the first stage, but parties may introduce evidence and make arguments as permissible by law should the case proceed to the punitive damages stage.

Category number XIII seeks the prohibition of any requests for production from Defendants, Defendants' counsel or Defendants' witnesses in the presence of the jury.  *See*

---

[1] Defendants' Motion uses Roman numerals, but starts over at "V" when it appears to intend "X." Therefore, the undersigned Magistrate Judge uses corrected Roman numerals in the sequential order as listed in the Motion.

Docket No. 79, pp. 14. Defendants report that Plaintiffs' do not object to this exclusion "unless Defendants are relying on the document in question for their position." *Id*. It is unclear the basis for Plaintiffs limitation of their objection and they have not provided the Court any further explanation. To the extent any party seeks to introduce an exhibit not disclosed and exchanged with the other party prior to the pretrial conference, then it would be subject to exclusion on that basis. Without any further explanation by the Plaintiffs, the undersigned Magistrate Judge is unable to determine how the circumstances expressed by Plaintiff might occur. Therefore, the Motion is granted as to number XIII.

    3. *Numbers III, IV, VI, VII, VIII, IX, and XI*

Category numbers III, IV, VI, VII, VIII, IX, and XI were presumably objected to by Plaintiffs, but they provide no basis for their objections. As previously stated, Plaintiffs did not respond to Defendants' Motion. "In the discretion of the Court, any non-dispositive motion or objection which is not opposed within fourteen (14) days may be deemed confessed." LCvR 7.1(d); *see also*, *Bio Med Tech. Corp. v. Sorin CRM USA, Inc.*, 2015 WL 7294791, at *6 (D. Colo. Nov. 19, 2015) (granting motion in limine as to portion of the motion that the plaintiff confessed by not responding); *Williams v. RGA Home Health Services, Inc.*, 2016 WL10637080, *2 (D. Colo. Dec. 30, 2016) (same); *Sloan v. Overton*, 2010 WL 4340328, *1 (D. Kan. Oct. 27, 2010) (same). Therefore, Defendants' Motion is deemed confessed as to these categories.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT, as set forth herein, Plaintiffs' Motions in Limine and Brief in Support [Docket No. 94] is GRANTED IN PART and DENIED IN PART and that Defendants' Combined Motion in Limine and Brief in Support [Docket No. 79] is GRANTED IN PART and DENIED IN PART.

DATED this 17th day of November, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**